**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**TERESA WRIGHT**                                                                 **PLAINTIFF**

**v.**                                        **3:10CV00209-BRW**

**SOCIAL SECURITY ADMINISTRATION**                                   **DEFENDANT**

<u>**ORDER**</u>

Plaintiff has appealed the final decision of the Commissioner of the Social Security

Administration to deny her claim for Disability Insurance benefits. For the reasons set out below,

the decision of the Commissioner is remanded for further proceedings.

**I.      BACKGROUND**

Plaintiff was born in 1968 and was 38 years old when her alleged disability began.  She is

5'2" and weighs around 204 pounds.[1]  Plaintiff completed high school, and worked for fourteen

years as a machine operator at Milwaukee Tool and Electric.  In April 2006, Plaintiff gave birth

to her fifth child.  Plaintiff briefly returned to work after her delivery; she testified that she

stopped working in July 2006 because of pain stemming from rheumatoid arthritis.  Plaintiff has

also been diagnosed with a major depressive disorder and as being bipolar.[2]  Plaintiff claims that

her medical conditions prevent her from performing not only her past job, but any work.

The Administrative Law Judge ("ALJ") determined that Plaintiff has the following severe

impairments: obesity; degenerative disc disease; and osteoarthritis with rheumatoid markers.[3]

---

[1]Tr. 38.

[2]Tr. 29.

[3]Tr. 13.

The ALJ, however, also found that Plaintiff's severe impairments do not meet or medically equal one of their listed impairments.[4]  The ALJ made this determination by considering medical evidence.

Next, after considering the entire record, the ALJ determined that Plaintiff has the residual function capacity to perform light work as defined in 20 CFR § 404.1567(b), as well as overhead lifting.[5]  In a function-by-function analysis, the ALJ found that Plaintiff can lift up to 20 pounds at a time and frequently lift or carry objects weighing up to 10 pounds.[6]  The ALJ also found, among other things, that Plaintiff is capable of walking or standing approximately 6 hours a day, and sitting approximately 2 hours a day.[7]  The ALJ evaluated Plaintiff's subjective complaints under the criteria set out in 20 CFR §§ 404.1529 and 416.929, Social Security Ruling 96-7p, *Polaski v. Heckler*[8] and other relevant authority, and determined that Plaintiff's allegations of pain are not supported by the record.[9]  The ALJ concluded that Plaintiff is capable of performing past relevant work as a machine operator in a tool factory.[10]

Plaintiff contends that the Commissioner erred in denying her benefits in the following ways: (A) the Commissioner failed to fulfill his duty under Social Security Ruling ("SSR") 82-62 to fully question Plaintiff and develop the record regarding the physical and mental demands

---

[4]Tr. 14.

[5]*Id.*

[6]*Id.*

[7]*Id.*

[8]751 F.2d 943 (8th Cir. 1984).

[9]Tr. 16.

[10]Tr. 17.

of her past relevant work; and (B) the Commissioner failed to comply with 20 C.F.R. § 416.927

by failing to accord adequate weight to the opinion of Plaintiff's treating physician.

## II.     DISCUSSION

### A.     How the Commissioner Determines Disability

A claimant's eligibility for benefits is governed by 42 U.S.C. § 1382.  A claimant is

considered disabled under the Social Security Act if she is unable to engage in "substantial

gainful activity by reason of any medically determinable physical or mental impairment which

can be expected to result in death or which has lasted or can be expected to last for a continuous

period of not less than [twelve] months."[11]  The Commissioner follows the five-step process set

out in 20 C.F.R. § 426.920(a) in making a disability determination.  The five steps are:

(1) determine whether the claimant is currently engaged in substantial gainful activity;[12] (2) if the

claimant proves that she is not engaged in gainful activity, the Commissioner determines

whether the claimant suffers from a severe impairment, defined as an impairment that

"significantly limits your physical or mental ability to do basic work activities;[13] (3) if the

claimant suffers from a severe impairment, the next step is to determine if the impairment equals

or exceeds one of those impairments included in the Listing of Impairments in Appendix 1 of the

regulations[14] – if so, the claimant is entitled to Social Security benefits; if not, the Commissioner

continues to the last two steps; (4) determine whether the claimants impairment allows here to

---

[11]42 U.S.C. § 423(d)(1)(A).

[12]Substantial gainful activity is work that involves doing significant and productive physical or mental duties and is done for pay or profit.  20 C.F.R. § 416.972.

[13]20 C.F.R. § 416.920(c). The impairment must have lasted, or must be expected to last, for a continuous 12-month period.  20 C.F.R. § 416.909.

[14]20 C.F.R. § 416.920(d).

resume her previous work; and (5) if the claimant cannot resume her previous work, the Commissioner must consider whether the claimant is able to perform other work or is entitled to Social Security benefits.[15]

A claimant must establish her disability through objective medical evidence.[16] "An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability . . . ; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques . . . ."[17] The credibility of the claimant is a significant factor that the Commissioner is required to consider along with medical evidence.[18]

## B.    Standard of Review

The Court's review function of the Commissioner's disability determination is very limited.  On review, the Court must determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether the plaintiff was denied benefits as a result of legal error.[19]  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[20]  In assessing the substance of the evidence, the court must consider evidence that both supports and detracts from the

---

[15]20 C.F.R. § 416.920(g); 20 C.F.R. § 416.920(a)(4)(v).

[16]42 U.S.C. § 423(d)(5)(A).

[17]*Id.*

[18]20 C.F.R. § 416.929.

[19]*Long v. Chater,* 108 F.3d 185, 187 (8th Cir. 1997); see also 42 U.S.C. § 405(g).

[20]*Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater,* 82 F.3d 254, 257 (8th Cir. 1996).

Commissioner's decision; the court may not, however, reverse the Commissioner's decision

merely because substantial evidence would have supported an opposite decision.[21]

### C.      Social Security Ruling 82-62

Plaintiff contends that the Commissioner failed at step 4 of the 5-step process to fulfill

his duty under SSR 82-62 to fully develop the record with respect to the physical and mental

requirements of Plaintiff's past relevant work.[22]  Under SSR 82-62, if a claimant has the residual

functional capacity ("RFC") to meet "the physical and mental demands of jobs a claimant has

performed in the past . . . [that] is generally a sufficient basis for a finding of 'not disabled.'"[23]

Vocational documentation comes primarily from the claimant.  In determining if a claimant can

perform past relevant work, both the claimant's statements and medical evidence must be

considered.[24]  "The decision as to whether the claimant retains the functional capacity to perform

past work which has current relevance has far-reaching implications and must be developed and

explained fully in the disability decision . . . ."[25]

The ALJ's decision reads, in relevant part:

> In comparing the claimant's residual functional capacity with the physical and
> mental demands of this work, the undersigned find that the claimant is able to
> perform it as actually performed.  The claimant's account of her work shows that she
> was limited to 20 pounds lifting/carrying, and there is no indication that she was
> required to do ore than occasional overhead reaching (Exhibit 1E). Accordingly, she
> can return to past relevant work.

---

[21]*Woolf v. Shalala*, F.3d 1210, 1213 (8th Cir. 1993).

[22]Doc. No. 12.

[23]Social Security Ruling No. 82-62.

[24]*Id.*

[25]*Id.*

Exhibit 1E referenced by the ALJ is a Form SSA-3368 disability report that lacks both the name of the person completing the form and the date on which the form was completed.  On page 3 of Exhibit 1E, Plaintiff answered several questions about her past work as a machine operator.  In her past work, Plaintiff inserted parts into a machine.[26]  She used machines, tools, or equipment and was required to do some writing, complete reports, or other similar duties.[27]  In this job, Plaintiff spent the specified number of hours doing the following: walk - 1 hour; stand - 7 hours; stoop - 3 hours; handle, grab or grasp big objects - 4 hours; reach - 7 hours; write, type or handle small objects - 4 hours.  Plaintiff "bent over to pick up parts to put into [her] machine; these were about 20 lbs."[28]  Plaintiff lifted 20 pounds frequently (between 1/3 and 2/3 of the workday); 20 pounds was the heaviest weight Plaintiff lifted.[29]

Exhibit 3E, a Form SSA-3369-BK Work History Report signed by Plaintiff and dated March 14, 2007, indicates that Plaintiff stood; knelt; crouched; handled, grabbed or grasped big objects; reached; and wrote, typed or handled small objects -- each for 8 hours a day.[30]  In Exhibit 3E, Plaintiff indicated that the heaviest weight she lifted was 10 pounds, and that she lifted 10 pounds frequently.[31]

The transcript of the hearing in front of the ALJ contains almost no description of the physical or mental demands of Plaintiff's past work.

---

[26]Tr. 99.

[27]*Id.*

[28]*Id.*

[29]*Id.*

[30]Tr. 109.

[31]*Id.*

The Commissioner contends that the ALJ correctly obtained information from Plaintiff about the requirements of her past relevant work and made findings about those requirements.[32] Is support of this contention, the Commissioner cited: the ALJ's decision; one page in the transcript; Exhibit 1E (described above); and Exhibit 3E (described above).  Exhibits 1E and 3E, however, provide contradictory descriptions of Plaintiff's past relevant work. There is no explanation in the record of which description the ALJ found accurate or applicable -- the ALJ made no findings on this point.   This is relevant because, for example, the ALJ determined that Plaintiff could frequently lift or carry up to 10 pounds,[33] but Plaintiff indicated in Exhibit 1E that her past work required her to frequently lift or carry up to 20 pounds.[34]  I find remand necessary so that the ALJ can more fully develop the record regarding the physical and mental requirements of Plaintiff's past relevant work and how it relates to Plaintiff's residual functional capacity.

Plaintiff asserts that the ALJ should have obtained vocational expert testimony about the requirements of Plaintiff's past relevant work.  At step four, however, the burden of proving she cannot return to her past relevant work remains with Plaintiff and vocational expert testimony is not required.[35]

**D.      Weight of Treating Physician's Opinion**

Plaintiff asserts that the Commissioner failed to comply with 20 C.F.R. § 416.927 by failing to give adequate weight to the opinion of Plaintiff's treating physician, Dr. Holt.  I

---

[32]Doc. No. 15.

[33]Tr. 14.

[34]Tr. 99.

[35]*Lewis v. Barnhart*, 353 F.3d 642, 648 (8th Cir. 2003).

disagree.  The ALJ carefully considered Dr. Holt's opinion, including the fact that Dr. Holt was a

rheumatologist, the length of treatment, the frequency of examination, and the nature and extent

of the treatment relationship.[36]  After considering those factors, the ALJ discounted Dr. Holt's

opinion and found it inconsistent with the record as a whole.  The ALJ's residual function

capacity was based on a review of the complete record, and substantial evidence supports the

Commissioner's determination.  Accordingly, the ALJ's determination is affirmed.

**CONCLUSION**

This case is remanded for further consideration as set out above.  This is a sentence four

remand within the meaning of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 18th day of October, 2011.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[36]Tr. 16-17.